UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY B. STRANGES )<br>)<br>      **Plaintiff** )<br>)<br>vs. )<br>)<br>OXFORD LAW, LLC )<br>    & )<br>EXECUTIVE FINANCIAL )<br>ENTERPRISES, INC. )<br>    & )<br>EXPERIAN INFORMATION )<br>SOLUTIONS, INC. )<br>)<br>      **Defendants** ) | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Amy B. Stranges, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Amy B. Stranges (hereinafter, "Plaintiff"), is an adult natural person and she brings this action for relief against Defendants, for violations of multiple sections of the Fair Credit Reporting Act, 15 U.S.C. § 1692 *et seq.* ("FCRA"), and the Fair Debt Collection Practices Act ("FDCPA").

### II.   JURISDICTION

2.   Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.  Venue in this District is proper in that the Plaintiff resides in this District.

### III.  PARTIES

4.  Plaintiff, Amy B. Stranges (hereafter, Plaintiff) is an adult natural person residing at 858 Fawn Lane, Hummelstown, Pennsylvania 17036.

5.  Defendant, Experian Information Solutions, Inc. (hereafter, Defendant Experian), at all times relevant hereto, is and was a corporation engaged in the business of nationwide consumer reporting which has an office located at 4 Gatehall Drive, 3rd floor, Parsippany, NJ 07054.

6.  Defendant, Executive Financial Enterprises, Inc. (hereafter, Defendant Executive), at all times hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania , with a principal place of business located at 1606 Argyle Avenue, Los Angeles, California 90028.

7.  Defendant, Oxford Law, LLC (hereafter, Defendant Oxford), at all times hereto, is and was a legal professional association engaged in the business of collecting debt within the Commonwealth of Pennsylvania with a principal place of business located at 311 Veterans Highway, Suite 100A, Levittown, Pennsylvania 19056.

### IV.  FACTUAL ALLEGATIONS

8.  In or around 2010, Chase Bank sold, transferred and/or forwarded Plaintiff's alleged account to Defendant Executive for collection of an alleged balance of approximately $20,000.00.

9.  In or around 2012, Defendant Executive forwarded Plaintiff's alleged account to Defendant Oxford for collection.

10. In or around September 2013, Plaintiff began receiving phone calls from Defendant Oxford.

11. Plaintiff first spoke with Defendant Oxford regarding this alleged debt in or around September 2013, and at that time verified her address with Defendant Oxford and requested validation of the alleged debt.

12. Several of the phone calls described herein came from the phone number (215) 526-2600, which is a phone number owned by Defendant Oxford.

13. On or about October 11, 2013, Defendant Experian was reporting the current balance on the Executive account as $29,056 as of August 2013.

14. In or around December 2013, Defendant Oxford called Plaintiff's parents looking to speak with Plaintiff and advising Plaintiff's parents that they needed to speak with Plaintiff regarding a very important legal matter.

15. At this time, Defendant Oxford had previously spoken with Plaintiff at home on several occasions over the preceding three (3) months.

16. On or about December 30, 2013, Plaintiff received correspondence from Defendant Oxford, demanding the balance of $21,802.42 be paid by Plaintiff.

17. In or around early 2014, Defendant Oxford called looking for Plaintiff, but the call was answered by Plaintiff's husband.

18. During this conversation, Defendant Oxford's agent informed Plaintiff's husband that the Plaintiff doesn't have any money and that's why she is where she is.

19. In or about February 2014, Plaintiff sent notice to Defendant Experian, informing them that they were inaccurately furnishing information on Plaintiff's credit report.

20. Plaintiff requested that all information be verified and the improper account reporting be removed.

21. Plaintiff enclosed the aforementioned correspondences from Defendant Oxford, wherein Defendant Oxford demands the balance of $21,802.42, or approximately $7,600 less than Defendant Experian was reporting.

22. Defendant Experian promptly responded to Plaintiff's request, stating that they had researched the Plaintiff's account and that they confirmed the information.

23. Plaintiff was informed that reporting of this account by Defendant Experian would remain on her credit.

24. On or about March 11, 2014, Plaintiff again sent notice to Defendant Experian, informing them that they were inaccurately furnishing information on Plaintiff's credit report.

25. Plaintiff again requested that all information be verified and the improper account reporting be removed.

26. Plaintiff again enclosed the aforementioned correspondences from Defendant Oxford, wherein Defendant Oxford demands the balance of $21,802.42, or approximately $7,600 less than Defendant Experian was reporting.

27. Defendant Experian promptly responded to Plaintiff's request, stating that they had researched the Plaintiff's account and that they confirmed the information.

28. Plaintiff was again informed that reporting of this account by Defendant Experian would remain on her credit.

29. In or around June 2014, Defendant Oxford began to call Plaintiff at work.

30. Plaintiff advised Defendant Oxford that Defendant Oxford was calling her work, that she was not permitted to accept calls at work, and asked Defendant Oxford not to call her at work again.

31. Despite Plaintiff's request, Defendant Oxford continued to call Plaintiff at work.

32. During one such conversation at the Plaintiff's workplace, Defendant Oxford's agent harassed the Plaintiff and told her that they wouldn't have to call Plaintiff at work if she would just pay her bills.

33. Plaintiff again advised Defendant Oxford that Defendant Oxford was calling her work, that she was not permitted to accept calls at work, and asked Defendant Oxford not to call her at work again.

34. Despite Plaintiff's request, Defendant Oxford continued to call Plaintiff at work.

35. During another conversation at the Plaintiff's workplace, Plaintiff asked Defendant Oxford's agent, "Henry Jackson," in her frustration, about his credentials.

36. "Henry Jackson" advised Plaintiff that his credentials had nothing to do with what they were talking about.

37. "Henry Jackson" went on to insult the Plaintiff by stating that he couldn't help it if Plaintiff can't pay her bills and is broke.

38. "Henry Jackson" went even further, demanding that Plaintiff connect him to Plaintiff's employer's Human Resources Department and saying that he needed to speak to Plaintiff's employer's Human Resources regarding her alleged debt.

39. Plaintiff again advised Defendant Oxford's agent, "Henry Jackson," that Defendant Oxford was calling her work, that she was not permitted to accept calls at work, and asked Defendant Oxford not to call her at work again.

40. Despite Plaintiff's request, Defendant Oxford continued to call Plaintiff at work.

41. During one such call to Plaintiff's workplace, Defendant Oxford's agent spoke with Plaintiff's boss, asking Plaintiff's boss if Plaintiff was in the room with her and advising Plaintiff's boss that he needed to speak with Plaintiff.

42. Plaintiff's boss responded by advising Defendant Oxford's agent that she didn't have access to Plaintiff's calendar and that Plaintiff was not in the room.

43. Defendant Oxford's agent responded by asking Plaintiff's boss if she was simply an "order taker."

44. On or around July 16, 2014, Defendant Oxford called Plaintiff's parents-in-law looking to speak with Plaintiff.

45. Defendant Oxford had previously spoken with Plaintiff at home and at work on several occasions over the preceding ten (10) months.

46. On or about July 21, 2014, Plaintiff received correspondence from Defendant Oxford, demanding the balance of $21,802.42 be paid by Plaintiff.

47. As of the date of the filing of this Complaint, Defendant Experian continues to report the current balance on the Executive account as $29,482.00, or approximately $7,600 more than is being demanded by Defendant Oxford.

48. Simultaneously, Defendant Oxford as agent for Defendant Executive continues to demand Plaintiff pay on this account the balance of $21,802.42, or approximately $7,600 less than is being reported by Defendant Experian.

49. As of the date of the filing of this Complaint, Defendant Oxford has not provided Plaintiff validation of the alleged debt as Plaintiff requested.

50. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

51. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to, local or long telephone calls, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

52. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

53. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

54. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information and of multiple inquiries appearing on Plaintiff's credit file.

## COUNT I– FCRA

*Plaintiff v. Executive Financial Enterprises, Inc. & Experian Information Solutions, Inc.*

55. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

56. At all times pertinent hereto, Defendants were a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

57. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

58. At all times pertinent hereto, the above mentioned credit reports were "consumer reports" as that terms is defined by 15 U.S.C. §1681a(d).

59. Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for engaging in the following conduct:

(a) Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(b) Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(c) Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

(d) Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified; and

    (e)    Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b).

60.    The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against, Defendants, for the following:

    a.    Actual damages;

    d.    Statutory damages pursuant to 15 U.S.C. §1692k;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

### COUNT II– FDCPA
*Plaintiff v. Oxford Law, LLC & Executive Financial Enterprises, Inc.*

61.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

62.    At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

63. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692c(a)(3): | | Prohibited communication at place of employment when it is known that the employer prohibits such communications. |
| §§ 1692d: | | Any conduct the natural consequence of which is to harass, oppress, or abuse any person. |
| §§ 1692d(2): | | Harassment or abusive language. |
| §§ 1692d(5): | | Harassment or abuse by causing the phone to ring or engaging any person in telephone conversation repeatedly |
| §§ 1692e: | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | | False or misleading representations in communications regarding character, amount, or legal status of the alleged debt. |
| §§ 1692e(10): | | Any false representation or deceptive means to obtain information about a consumer |
| §§ 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g(b): | | Collector must cease collection efforts until debt is validated. |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Oxford Law, LLC & Executive Financial Enterprises, Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III– DEFAMATION OF CHARACTER
*Plaintiff v. Executive Financial Enterprises, Inc. & Experian Information Solutions, Inc.*

64. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

65. Defendant Experian has published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiff's credit history.

66. Defendant Experian has published the inaccurate information each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnisher or other source.

67. The inaccurate information published by Defendants is false in that it inaccurately reflects Plaintiff's credit information, and paints Plaintiff as financially irresponsible and delinquent.

68. Defendant Experian has published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

69. The reporting of the Plaintiff's alleged Executive account constitutes a falsehood concerning Plaintiff's credit history.

70. Defendant Experian knew or reasonably should have known that the information regarding the alleged Executive account they have published and re-published on Plaintiff's credit reports is incorrect and false as Plaintiff has repeatedly notified them both verbally and in writing.

71. Defendants continues to publish the false and negative alleged Executive account on Plaintiff's credit history up through the present time.

72. Defendants knew that the alleged Executive account on Plaintiff's credit report was false and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information concerning Plaintiff's alleged Executive account through the present time.

73. The publications of the false Executive account on Plaintiff's credit report constitutes libel per se.

74. In addition, and despite the repeated notices from Plaintiff, Defendant Experian has acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom said Defendant Experian provides credit information concerning the Plaintiff.

75. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, said Defendants are liable to

compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against, Defendants, for the following:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. An order directing the Defendants immediately and permanently delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

**COUNT IV - VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)**
*Plaintiff v. All Defendants*

76. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

77. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

78. The alleged debt Defendants were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

79. The FCEUA proscribes, <u>inter alia</u>, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

80. The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

81. Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTPCPL.

82. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

83. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

   a. Actual damages;

   b. Treble damages;

   c. An award of reasonable attorneys fees and expenses and costs of court; and

   d. Such additional relief as is deemed just and proper, or that the interests of justice require.

**COUNT V - VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.**
*Plaintiff v. All Defendants*

84. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

85. Plaintiff and Defendants are "Persons" to 73 Pa. C.S § 201-2.

86. The UTPCPL prescribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

87. The actions of the Defendants, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

   a. Defendants misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

   b. Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   c. Defendants failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

88. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

89. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

    a.      An Order declaring that Defendants violated the UTPCPL;

    b.      Actual damages;

    c.      Treble damages;

    d.      An award of reasonable attorney's fees and expenses and cost of suit; and

    e.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: July 29, 2014**

BY: */s/ Brent F. Vullings* _____
Brent F. Vullings, Esquire
3953 Ridge Pike, Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com