UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

-------------------------------X
:
AMY B. STRANGES                  :        CIVIL ACTION
:
            Plaintiff            :        CASE NO. 14-CV-1475
vs.                              :
:
OXFORD LAW, LLC                  :
EXECUTIVE FINANCIAL              :
  ENTERPISES, INC., and          :
EXPERIAN INFORMATION             :
  SOLUTIONS, INC.                :
:
            Defendants           :
-------------------------------X

DEFENDANT OXFORD LAW, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

     Defendant, Oxford Law, LLC (''Oxford'') hereby files its Answer
and Affirmative Defenses to Plaintiff's Complaint as follows:

1) Admitted that Plaintiff's Complaint sets forth alleged violations
   of the Fair Credit Reporting Act (''FCRA''), and the Fair Debt
   Collection Practices Act (''FDCPA''). It is denied that Oxford
   violated any provision of the FCRA or the FDCPA.

2) Admitted that Plaintiff alleges that this court has subject matter
   jurisdiction over Plaintiff's alleged FCRA and FDCPA claim. The
   remaining allegations are denied as conclusion of law.

3) Admitted that Plaintiff alleges that venue is proper in this
   district. The remaining allegations are denied as conclusion of
   law.

4) Admitted only that Plaintiff is named in this matter. Oxford is
   without sufficient knowledge or information to confirm the
   allegations of this paragraph.

5) Admitted only that Experian Information Solutions, Inc.
   (''Experian'') is named as a Defendant in this matter. Oxford is

without sufficient knowledge or information to confirm the allegations of this paragraph.

6) Admitted only that Executive Financial Enterprises, Inc. (''Executive'') is named as a Defendant in this matter. Oxford is without sufficient knowledge or information to confirm the allegations of this paragraph.

7) Admitted that Oxford is a limited liability company, that it engages in the collection of debt and that it maintained an office at the listed address. The remaining allegations are denied as conclusions of law.

8) Oxford is without sufficient knowledge or information to confirm the allegations of this paragraph and therefore denies the allegations contained therein.

9) It is admitted that Executive forwarded Plaintiff's account to Oxford for collection. It is denied that Executive forwarded Plaintiff's account in 2012.

10)    Denied.

11)    Denied.

12)    Admitted that telephone number 215-526-2600 was a number used by Oxford. The remaining allegations of this paragraph are denied.

13)    Oxford is without sufficient knowledge or information to confirm the allegations of this paragraph and therefore denies the allegations contained therein.

14)    Admitted that Oxford placed telephone calls to persons other than Plaintiff for location information. The remaining allegations of this paragraph are denied.

15)    Denied.

16)    Admitted that Oxford sent Plaintiff a letter setting forth

the alleged debt and requesting payment. Oxford is without sufficient knowledge or information to confirm the remaining allegations of this paragraph and therefore denies the remaining allegations contained therein.

17)    Admitted that at some time Oxford attempted to contact Plaintiff and the call was answered by Plaintiff's husband. The remaining allegations are denied.

18)    Denied.

19)    Oxford is without sufficient knowledge or information to confirm the allegations of this paragraph and therefore denies the allegations contained therein.

20)    Oxford is without sufficient knowledge or information to confirm the allegations of this paragraph and therefore denies the allegations contained therein.

21)    Oxford is without sufficient knowledge or information to confirm the allegations of this paragraph and therefore denies the allegations contained therein.

22)    Oxford is without sufficient knowledge or information to confirm the allegations of this paragraph and therefore denies the allegations contained therein.

23)    Oxford is without sufficient knowledge or information to confirm the allegations of this paragraph and therefore denies the allegations contained therein.

24)    Oxford is without sufficient knowledge or information to confirm the allegations of this paragraph and therefore denies the allegations contained therein.

25)    Oxford is without sufficient knowledge or information to confirm the allegations of this paragraph and therefore denies the

allegations contained therein.

26)    Oxford is without sufficient knowledge or information to confirm the allegations of this paragraph and therefore denies the allegations contained therein.

27)    Oxford is without sufficient knowledge or information to confirm the allegations of this paragraph and therefore denies the allegations contained therein.

28)    Oxford is without sufficient knowledge or information to confirm the allegations of this paragraph and therefore denies the allegations contained therein.

29)    Denied.

30)    Denied.

31)    Admitted that Oxford attempted to contact Plaintiff at work. Denied that Plaintiff ever requested Oxford not to contact her work.

32)    Denied.

33)    Denied.

34)    Denied.

35)    Denied.

36)    Denied.

37)    Denied.

38)    Denied.

39)    Denied.

40)    Denied.

41)    Denied.

42)    Denied.

43)    Denied.

44)    Denied.

45)    Denied.

46)    Denied. Oxford is without sufficient knowledge or information
to confirm the allegations of this paragraph and therefore denies
the allegations contained therein.

47)    Oxford is without sufficient knowledge or information to
confirm the allegations of this paragraph and therefore denies the
allegations contained therein.

48)    Denied.

49)    Denied.  It is further denied that Plaintiff ever requested
validation.

50)    Denied. Oxford is without sufficient knowledge or information
to confirm the allegations of this paragraph and therefore denies
the allegations contained therein.  By further response, it is
denied that Oxford does any reporting to Experian or any credit
reporting agency.

51)    Denied.  The allegations of this paragraph constitute
conclusions of law to which no further response is required.  To
the extent they may be deemed factual, it is specifically denied
that Plaintiff suffered any damages.

52)    Denied.  The allegations of this paragraph constitute
conclusions of law to which no further response is required.  To
the extent they may be deemed factual, it is specifically denied
that Plaintiff suffered any damages.

53)    Denied.  The allegations of this paragraph constitute
conclusions of law to which no further response is required.  To
the extent they may be deemed factual, it is specifically denied
that Plaintiff suffered any damages.

54)    Denied.  The allegations of this paragraph constitute

conclusions of law to which no further response is required.  To the extent they may be deemed factual, it is specifically denied that Plaintiff suffered any damages.

### COUNT I- FCRA

*55)*    Oxford repeats and realleges its responses to Paragraphs 1-54 above as if fully set forth herein.  *(Oxford states that the allegations of Count I are directed to another party to this action, not Oxford, and thus no response is required.)*

56)    Denied. Oxford is without sufficient knowledge or information to confirm the allegations of this paragraph and therefore denies the allegations contained therein.  By further response, it is specifically denied that Oxford is a ''consumer reporting agency: or does any reporting to Experian or any credit reporting agency.

57)    Denied.   The allegations of this paragraph constitute conclusions of law to which no further response is required.

58)    Denied.   The allegations of this paragraph constitute conclusions of law to which no further response is required.

59)    Denied.   The allegations of this paragraph constitute conclusions of law to which no further response is required. By further response, it is specifically denied that Oxford is a ''consumer reporting agency: or does any reporting to Experian or any credit reporting agency.

60)    Denied.   The allegations of this paragraph constitute conclusions of law to which no further response is required.  To the extent they may be deemed factual, it is specifically denied that Plaintiff suffered any damages.

WHEREFORE, Defendant Oxford Law, LLC respectfully requests

that this action be dismissed, and enter an award of its reasonable attorney's fees and costs, and for such other and further relief as the court deems appropriate.

## COUNT II- FDCPA

61)    Oxford repeats and realleges its responses to Paragraphs 1-60 above as if fully set forth herein.

62)    Denied.   The allegations of this paragraph constitute conclusions of law to which no further response is required.

63)    Denied.   The allegations of this paragraph constitute conclusions of law to which no further response is required.   To the extent they may be deemed factual, it is specifically denied that Oxford violated any provision of the FDCPA and that Plaintiff suffered any damages.

WHEREFORE, Defendant Oxford Law, LLC respectfully requests that this action be dismissed, and enter an award of its reasonable attorney's fees and costs, and for such other and further relief as the court deems appropriate.

## COUNT III - DEFAMATION OF CHARACTER

*64)*    Oxford repeats and realleges its responses to Paragraphs 1-63 above as if fully set forth herein. *(Oxford states that the allegations of Count III are directed to another party to this action, not Oxford, and thus no response is required.)*

*65)*    Denied. Oxford is without sufficient knowledge or information to confirm the allegations of these paragraphs and therefore denies the allegations contained therein.  By further response, it is specifically denied that Oxford is a ''consumer reporting agency:

or does any reporting to Experian or any credit reporting agency.

*66)*     Denied. See response to preceding paragraph.

*67)*     Denied. See response to preceding paragraph.

*68)*     Denied. See response to preceding paragraph.

*69)*     Denied. See response to preceding paragraph.

*70)*     Denied. See response to preceding paragraph.

*71)*     Denied. See response to preceding paragraph.

*72)*     Denied. See response to preceding paragraph.

*73)*     Denied. See response to preceding paragraph.

*74)*     Denied. See response to preceding paragraph.

*75)*     Denied. See response to preceding paragraph.

WHEREFORE, Defendant Oxford Law, LLC respectfully requests that this action be dismissed, and enter an award of its reasonable attorney's fees and costs, and for such other and further relief as the court deems appropriate.

## COUNT IV – VIOLATION OF PA FCEUA

76)     Oxford repeats and realleges its responses to Paragraphs 1-75 above as if fully set forth herein.

77)     Denied.   The allegations of this paragraph constitute conclusions of law to which no further response is required.   To the extent they may be deemed factual, it is specifically denied that Oxford violated any provision of the FCEUA and that Plaintiff suffered any damages.

78)     Denied.   The allegations of this paragraph constitute conclusions of law to which no further response is required.   To the extent they may be deemed factual, it is specifically denied that Oxford violated any provision of the FCEUA and that Plaintiff

suffered any damages.

79)     Denied.     The  allegations  of  this  paragraph  constitute
conclusions of law to which no further response is required.  To
the extent they may be deemed factual, it is specifically denied
that Oxford violated any provision of the FCEUA and that Plaintiff
suffered any damages.

80)     Denied.     The  allegations  of  this  paragraph  constitute
conclusions of law to which no further response is required.  To
the extent they may be deemed factual, it is specifically denied
that Oxford violated any provision of the FCEUA and that Plaintiff
suffered any damages.

81)     Denied.     The  allegations  of  this  paragraph  constitute
conclusions of law to which no further response is required.  To
the extent they may be deemed factual, it is specifically denied
that Oxford violated any provision of the FCEUA and that Plaintiff
suffered any damages.

82)     Denied.     The  allegations  of  this  paragraph  constitute
conclusions of law to which no further response is required.  To
the extent they may be deemed factual, it is specifically denied
that Oxford violated any provision of the FCEUA and that Plaintiff
suffered any damages.

83)     Denied.     The  allegations  of  this  paragraph  constitute
conclusions of law to which no further response is required.  To
the extent they may be deemed factual, it is specifically denied
that Oxford violated any provision of the FCEUA and that Plaintiff
suffered any damages.

     WHEREFORE, Defendant Oxford Law, LLC respectfully requests
that this action be dismissed, and enter an award of its reasonable

attorney's fees and costs, and for such other and further relief as the court deems appropriate.

## COUNT V – VIOLATIONS OF PA UTPCPL

84) Oxford repeats and realleges its responses to Paragraphs 1-83 above as if fully set forth herein.

85) Denied.   The allegations of this paragraph constitute conclusions of law to which no further response is required.   To the extent they may be deemed factual, it is specifically denied that Oxford violated any provision of the UTPCPL and that Plaintiff suffered any damages.

86) Denied.   The allegations of this paragraph constitute conclusions of law to which no further response is required.   To the extent they may be deemed factual, it is specifically denied that Oxford violated any provision of the UTPCPL and that Plaintiff suffered any damages.

87) Denied.   The allegations of this paragraph constitute conclusions of law to which no further response is required.   To the extent they may be deemed factual, it is specifically denied that Oxford violated any provision of the UTPCPL and that Plaintiff suffered any damages.

88) Denied.   The allegations of this paragraph constitute conclusions of law to which no further response is required.   To the extent they may be deemed factual, it is specifically denied that Oxford violated any provision of the UTPCPL and that Plaintiff suffered any damages.

89) Denied.   The allegations of this paragraph constitute conclusions of law to which no further response is required.   To

the extent they may be deemed factual, it is specifically denied that Oxford violated any provision of the UTPCPL and that Plaintiff suffered any damages.

WHEREFORE, Defendant Oxford Law, LLC respectfully requests that this action be dismissed, and enter an award of its reasonable attorney's fees and costs, and for such other and further relief as the court deems appropriate.

## AFFIRMATIVE DEFENSES

1.  Plaintiff fails to state any claim upon which relief can be granted.

2.  Plaintiff fails to state a claim under the FDCPA, upon which relief can be granted.

3.  Plaintiff fails to state a claim under the PA FCEUA, upon which relief can be granted.

4.  Plaintiff fails to state a claim under the PA UTPCPAL, upon which relief can be granted.

5.  Any violation of law, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

6.  At all times, Defendant acted in good faith and in full faith and reliance on information provided by its client.

7.  Defendant did not make any false or misleading statements.

8.  At all times Defendant acted without malice or intent to injure.

9.  Plaintiff has not suffered any actual damages.

10. At all times, Defendant acted in compliance with the FDCPA

and the PA FCEUA and the PA UTPCPL.

11. Plaintiff's claims are barred by estoppel.

12. Plaintiff failed to mitigate any alleged damages.

13. Plaintiff's claims are barred by the applicable statute of limitation.

14. Plaintiff's claims are barred by unclean hands.

15. Plaintiff's claims are barred due to insufficiency of process under F.R.Civ.P. 12(b)(4) and/or insufficiency of service of process under F.R.Civ.P. 12(b)(5).

16. Plaintiff's action is frivolous and in violation of F.R.Civ. P. 11 and brought in bad faith for purpose of harassing Defendant.

WHEREFORE, Defendant Oxford Law, LLC respectfully requests that this action be dismissed, and enter an award of its reasonable attorney's fees and costs, and for such other and further relief as the court deems appropriate.


/s/ Robert Kline
_____
Robert M. Kline, Esquire
1100 Northbrook Drive, Suite 250
Trevose, PA 19053
Tel. 267-328-2200
Attorney for Defendant
Oxford Law LLC

Dated: October 17, 2014

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

```
-------------------------------X
AMY B. STRANGES                  :         CIVIL ACTION
             Plaintiff           :         CASE NO. 14-CV-1475
vs.                              :
                                 :
OXFORD LAW, LLC                  :
EXECUTIVE FINANCIAL              :
  ENTERPISES, INC., and          :
EXPERIAN INFORMATION             :
  SOLUTIONS, INC.                :
                                 :
             Defendants          :
-------------------------------X
```

## CERTIFICATION OF SERVICE

The undersigned counsel for Defendant Oxford Law, LLC hereby certifies that on this date he served a copy of Defendant's Answer and Affirmative Defenses, electronically, by ECF, upon counsel of record:

Brent Vullings, Esquire           Mohammed A. Ghiasuddin, Esquire
Vullings Law Group, LLC           Kaplin Stewart Meloff Reiter & Stein
3953 Ridge Pike, Suite 102        910 Harvest Drive, PO Box 3037
Collegeville, PA 19426            Blue Bell, PA 19422
Attorney for Plaintiff


                                  /s/ Robert Kline
                                  _____
                                  Robert M. Kline, Esquire
                                  1100 Northbrook Drive, Suite 250
                                  Trevose, PA 19053
                                  Tel. 267-328-2200
                                  Attorney for Defendant
                                  Oxford Law LLC

Dated: October 17, 2014